UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN RIVERA, | Case No. 1:21-cv-01147-HBK |
| Plaintiff, | ORDER TO ASSIGN A DISTRICT JUDGE |
| v. | FINDINGS AND RECOMMENDATIONS TO DISMISS CASE WITHOUT PREJUDICE FOR FAILURE TO PROSECUTE[1] |
| SERGEANT P. RODRIGUEZ, | |
| Defendant. | FOURTEEN-DAY OBJECTION PERIOD |

This matter comes before the Court upon periodic review. As more fully set forth below, the undersigned recommends this case be dismissed without prejudice due to Plaintiff's failure to prosecute this action and timely comply with or respond to the Court's orders.

**I.  FACTS AND BACKGROUND**

Plaintiff Juan Rivera, a state prisoner, initiated this action by filing a *pro se* civil rights complaint under 42 U.S.C. § 1983 on July 29, 2021. (Doc. No. 1). No filing fee accompanied Plaintiff's complaint and he did not move to proceed in forma pauperis ("IFP"). (*See* docket). On July 29, 2021, the Court provided Plaintiff with 30 days to either move to proceed IFP or pay the $402.00 filing fee. (Doc. No. 3). The Court enclosed an application and cautioned Plaintiff

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Ca. 2019).

that his failure to timely comply with the Court's order would result in this matter's dismissal. (*Id.*). On September 7, 2021, after Plaintiff failed to respond to the Court's July 30, 2021 Order, the Court issued an Order to Show Cause directing Plaintiff to show cause why this case should not be dismissed for Plaintiff's failure to pay the filing fee or file an IFP application. (Doc. No. 5). Plaintiff was provided 14 days to demonstrate why the Court should not recommend this matter's dismissal without prejudice for Plaintiff's failure to prosecute this action and his failure to timely comply with the Court's July 29, 2021 Order. (*Id.* at 2). The Court again warned Plaintiff that his failure to timely respond to the Order to Show Cause would result in a recommendation that this case be dismissed for failure to prosecute. (*Id.*). As of the date of these Findings and Recommendations, the time to comply with the Court's July 29, 2021 and September 7, 2021 Orders has lapsed. Plaintiff has not: (1) paid the filing fee, (2) applied to proceed *in forma pauperis,* or (3) responded to the Order to Show Cause. (*See* docket).

## II.    APPLICABLE LAW

Federal Rule of Civil Procedure 41(b) permits courts to involuntarily dismiss an action when a litigant fails to prosecute an action or fails to prosecute or comply with a court order. *See* Fed. R. Civ. P. 41(b); *see Applied Underwriters v. Lichtenegger*, 913 F.3d 884, 889 (9th Cir. 2019) (citations omitted); *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) ("[T]he consensus among our sister circuits, with which we agree, is that courts may dismiss under Rule 41(b) *sua sponte*, at least under certain circumstances."). Local Rule 110 similarly permits courts to impose sanctions on a party who fails to comply with a court order. Further, the procedural rules that govern this Court are to be "construed, administered and employed by the court . . . to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

When "an IFP application is submitted with the complaint in lieu of the filing fee, and the application is thereafter denied, the district court will be free to dismiss the complaint if the fee is not paid within a reasonable time following the denial." *Escobedo v. Applebees*, 787 F.3d 1226, 1228 (9th Cir. 2015). Involuntary dismissal is a harsh penalty, but it "is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants."

2

*Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002).  Before dismissing an action under Fed. R. Civ. P. 41, the court *must* consider: (1) the public interest in expeditious resolution of litigation; (2) the court's need to manage a docket; (3) the risk of prejudice to defendant; (4) public policy favoring disposition on the merits; and (5) the availability of less drastic sanctions. *See Applied Underwriters*, 913 F.3d at 889  (noting that these five factors "must" be analyzed before a Rule 41 involuntarily dismissal) (emphasis added); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (reviewing five factors and independently reviewing the record because district court did not make finding as to each); *but see Bautista v. Los Angeles County*, 216 F.3d 837, 841 (9th Cir. 2000) (listing the same, but noting the court *need not* make explicit findings as to each) (emphasis added); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (affirming dismissal of *pro se* § 1983 action when plaintiff did not amend caption to remove "et al" as the court directed and reiterating that an explicit finding of each factor is not required by the district court).

### III.     ANALYSIS

The undersigned considers the above-stated factors and concludes they favor dismissal of this case.  The expeditious resolution of litigation is deemed to be in the public interest.  *Yourish v. California Amplifier*, 191 F.2d 983, 990-91 (9th Cir. 1999).  Turning to the second factor, the Court's need to efficiently manage its docket cannot be overstated.  This Court has "one of the heaviest caseloads in the nation," and due to unfilled judicial vacancies, which is further exacerbated by the Covid-19 pandemic, operates under a declared judicial emergency.  *See* Amended Standing Order in Light of Ongoing Judicial Emergency in the Eastern District of California.  The Court's time is better spent on its other matters than needlessly consumed managing a case with a recalcitrant litigant.  Indeed, "trial courts do not have time to waste on multiple failures by aspiring litigants to follow the rules and requirements of our courts." *Pagtalunan*, 291 F.3d at 644 (Trott, J., concurring in affirmance of district court's involuntary dismissal with prejudice of habeas petition where petitioner failed to timely respond to court order and noting "the weight of the docket-managing factor depends upon the size and load of the docket, and those in the best position to know what that is are our beleaguered trial judges.").

1  Delays have the inevitable and inherent risk that evidence will become stale or witnesses'
2  memories will fade or be unavailable and can prejudice a defendant, thereby satisfying the third
3  factor. *See Sibron v. New York,* 392 U.S. 40, 57 (1968).  The Court has already attempted a less
4  drastic action by issuing an order to show cause providing Plaintiff additional time to file an IFP
5  application or pay the filing fee, but Plaintiff failed to do so.  Finally, the instant dismissal is a
6  dismissal *without* prejudice, which is a lesser sanction than a dismissal with prejudice, thereby
7  addressing the fifth factor.

8  The Ninth Circuit permits courts to dismiss cases where the plaintiff neither moved to
9  proceed IFP nor paid the filing fee. *Escobedo*, 787 F.3d at 1228.  A case cannot linger
10 indefinitely on this Court's already overburdened docket.  A dismissal of this action for failure to
11 prosecute and failure to comply with court orders is in accord with Ninth Circuit precedent as
12 well precedent governing Rule 41 dismissals.  It appears Plaintiff has abandoned this action.
13 Plaintiff failure to respond to either of the Court's Orders warrants the sanction of dismissal under
14 the circumstances.  The undersigned accordingly recommends dismissal *without prejudice* under
15 Fed. R. Civ. P. 41 and Local Rule 110.

16 Accordingly, it is **ORDERED**:

17 The Clerk of Court be directed to assign a district judge to this case.

18 Further, it is **RECOMMENDED**:

19 This case be dismissed without prejudice for Plaintiff's failure to prosecute this action
20 and/or comply with the Court's orders.

21                              NOTICE TO PARTIES

22 These findings and recommendations will be submitted to the United States district judge
23 assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within fourteen
24 (14) days after being served with these findings and recommendations, a party may file written
25 objections with the court.  The document should be captioned "Objections to Magistrate Judge's
26 Findings and Recommendations."  Parties are advised that failure to file objections within the
27 specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834,
28 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Dated:    October 3, 2021

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE